INDEPENDENT OIL REFINING CO. v. LUEDERS

___

(May 11, 1931. Opinion and Decree.)
(June 8, 1931. Rehearing Refused.)

___

Henry ·W. Robinson, Waverly A. Henning and Henry M. Robinson, of New Orleans, attorneys for plaintiff, appellant.

Julius Howard Wiener and Sidney G. Roos, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. A Chevrolet coupe belonging to plaintiff partnership was damaged as the result of being run into by a truck owned and operated by defendant.

The Chevrolet was proceeding down North Prieur street towards Esplanade avenue and the truck was on its way in Esplanade avenue towards the Mississippi river. When the Chevrolet, which was proceeding to the right of the street on which it was being driven, had reached a point about 20 or 25 feet from Esplanade avenue, the truck dashed around the corner and crashed into it.

Defendant contends that the accident, from his point of view, was unavoidable for the reason that, as he was proceeding in Esplanade avenue, a sudden emergency was created by the negligent act of the driver of a third car, a Ford, which attempted to cross Esplanade avenue directly in his path, and that, in order to avoid striking the Ford, he hurriedly swerved his car to the right, hoping to be able to turn into North Prieur street and avert a collision with the Ford.

It is quite true that it has often been held that one who acts in a sudden emergency may not be responsible for the results of his act and cannot be expected to exercise the discretion and judgment which would be exhibited by an ordinarily prudent person acting with deliberation. Buckner v. Powers, 12 La. App. 630, 125 So. 744; Kennedy v. Opdenweyer, 11 La. App. 532, 121 So. 636, 123 So. 906.

But it is also true that the doctrine to which we have just referred is not available to one who himself contributes to the creation of the sudden emergency, nor can it be taken advantage of by one who, though he may not have contributed to the creation of the emergency, could have avoided the unfortunate result had he himself been acting carefully. Southall v. Smith, 151 La. 967, 92 So. 402, 27 A. L. R. 1194; Dill v. Colley, 3 La. App. 305; Berry (6th Ed.) sec. 229; Blashfield, page 277; Huddy (8th Ed.) sec. 447; Anderson v. Davis, 151 Minn. 454, 187 N. W. 224; Simonson v. Huff, 124 Wash. 549, 215 P. 49.

Here, it is very apparent that the speed of defendant's truck was excessive. The skid marks on the pavement and the distance the truck ran after the danger became apparent show conclusively that, had the car been operated at a reasonable speed, even after the emergency came into existence, it could have been stopped before striking plaintiff's car.

The driver of plaintiff's car was in no way at fault, and, therefore, whatever may have been the fault of the driver of the Ford which caused defendant to swerve from his course, he (defendant) was negligent in operating his car at too high a speed. He certainly could have avoided striking plaintiff's car even in the emergency, had his speed been within legal and reasonable limits. He is, therefore, liable for the resulting damages.

The amount claimed is $264, of which $88 represents the sum paid for the rental of another car used in the business of plaintiff partnership. While there is some controversy over the question of whether or not all the repairs were necessitated by the collision, the evidence on this point preponderates in support of plaintiff's contention.

The item of $88 to which we have re-

ferred brings forth the contention on the part of defendant that a large part thereof should not be charged to him. He argues that there was undue delay in making the repairs to the car, and that had they been promptly made the amount paid for rental of another car would have been very much reduced. It appears that the agency to which the car was turned over for repairs was short of painters, and that a few days' additional delay resulted from this fact. This is unfortunate, of course, but we do not believe that plaintiff should be required to suffer this loss. The initial damage was caused by defendant, and plaintiff delivered his car to a reputable repairman for all necessary repairs. This is all that he could do, particularly as it is shown that he was constantly calling upon the repairman to complete the work.

In another particular, defendant complains of delay. That is with regard to the fact that plaintiff did not send the car to the repairman immediately after the accident. Plaintiff's explanation of this is that defendant was called upon to examine the car and convince himself as to the extent of the damage, and that for a few days the car was held in its damaged condition to permit of that inspection. While there is no requirement that an automobile damaged in an accident shall be held for the inspection of the other party, nevertheless, if it is held for a day or so, we believe that such delay is reasonable, and that the expense of obtaining another car for use during that time can be charged properly to defendant.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of plaintiff and against defendant in the full sum of $264, with legal interest from judicial demand and for all costs.