DIEBEL v. BERTUCCI

——

(March 21, 1932. Opinion and Decree.)

——

Matthew A. Grace, of New Orleans, attorney for plaintiff, appellee.

Long & Wilkinson and Hugh M. Wilkinson, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff seeks recovery for personal injuries and for the cost of repairing her automobile, which injuries and property damage were sustained in an automobile collision on St. Charles avenue, at the corner of Seventh street, during the forenoon of October 17, 1930.

The district court awarded her $513.19.

She was driving her car up the avenue, following a course immediately adjacent to the neutral ground. Defendant's car, driven by himself, was also going up the avenue and, as its rear bumper was about to pass the front bumper of plaintiff's car, the two became engaged, with the result that plaintiff lost control of her vehicle and it swerved towards the neutral ground, crashing into a tree a few feet above the intersection of Seventh street.

The record shows conclusively that plaintiff was in no way at fault and, therefore, defendant's liability depends on whether the hooking together of the bumpers resulted from his fault in turning too soon towards the path occupied by plaintiff's car, as is contended by plaintiff, or from the fact that a third automobile, belonging to an unknown owner, suddenly passed to his right and swerved in front of his car with the result that an emergency was created which made it apparent that defendant

must strike either the car passing on his right or that of plaintiff.

That there was in the immediate vicinity a third automobile is conceded by all parties.

Defendant maintains that there were three lines of traffic; in the first of which, nearest the neutral ground, was plaintiff's car. Defendant himself was in the second or middle line and his car had overtaken and was slowly passing plaintiff's. The third car, according to defendant, was passing him in the third line on his right when it suddenly swerved to the left directly in front of his car with the result that it became necessary for him to immediately adopt one of two courses, either continue in a straight line and strike the third car, or swerve slightly to the left in an attempt to "cut" between the rear of the third car, and the front of plaintiff's car.

Plaintiff's contention is that defendant was attempting to pass her and to "cut" between her car, which was on his left, and the third car which was ahead of him, and that he passed too close to her car and turned before he had entirely passed it.

"It is quite true that it has often been held that one who acts in a sudden emergency may not be responsible for the results of his act and cannot be expected to exercise the discretion and judgment which would be exhibited by an ordinarily prudent person acting with deliberation." Independent Oil Refining Co. v. Lueders, 17 La. App. 154, 134 So. 418. See, also, Buckner v. Powers, 12 La. App. 630, 125 So. 744; Kennedy v. Opdenweyer, 11 La. App. 532, 121 So. 636, 123 So. 906.

But that doctrine has no place in a situation in which the party who causes the damage has himself been to some extent at fault in doing anything which added to the creation of the emergency. A reading of the record convinces us that defendant was not exercising all necessary caution in passing on the right side of plaintiff's car.

Without objection, a portion of the traffic ordinance (C. C. S. No. 7490) was introduced in evidence, and from this portion, which is paragraph 3, article 1, section 1, it appears that in such a situation the driver of the overtaking vehicle, desiring to pass one ahead, must pass to the left after first signaling intention to do so and must not turn into the path ahead until the roadway is entirely clear. It is very evident that defendant did not do this, and we think that to this extent he was at fault.

A plaintiff free from fault may recover from either one or the other of two joint tort-feasors. Therefore, although the fault of the unknown owner of the third car may have contributed to the accident, still defendant, if he did anything without the doing of which the accident would not have occurred, may be held for the entire loss.

We feel that but for the defendant's negligence the accident would not have occurred.

While the physical injuries of plaintiff were not severe, they were painful and she will retain a slight scar on her chin. Fortunately the evidence indicates that it will be scarcely noticeable. The damage to the car was conclusively proven and we see no reason to disturb the amount of the award.

The judgment appealed from is affirmed, at the cost of appellant.