On April 22, 1940, about seven o'clock in the morning, a 1940 Lincoln-Zephyr sedan, driven and owned by George D. Bacon, experienced an accident near Bastrop, Louisiana, on U.S. Highway 165. Another occupant of the car was Bacon's employee, Melvin J. Fulmer, who is the plaintiff herein. Those persons were then on a business mission, proceeding from Mer Rouge, Louisiana, in a westerly direction toward their destination, Sterlington, Louisiana.
As a result of the accident both were seriously injured, and the automobile was damaged. *Page 924 
In this suit, the plaintiff Fulmer seeks recovery of damages for the injuries sustained and expenses incurred by him; and he alleges in his petition that:
"On the aforesaid date your petitioner and said George D. Bacon were approaching the corporate limits of the Town of Bastrop, said George D. Bacon driving the automobile and petitioner occupying the front seat with said George D. Bacon, and the road or street ahead of George D. Bacon appeared to be entirely clear and free of traffic on his right hand side thereof, but as they approached the corporate limits of the Town of Bastrop a police car owned by the Town of Bastrop and being operated by Othar Robinson as driver and which had been proceeding along East Madison Street in an easterly direction, made a turn and stopped crosswise in the highway directly in front of the automobile occupied by petitioner and on petitioner's right hand side of said street or highway, being the northern side of said highway; George D. Bacon, driver of the automobile occupied by petitioner, immediately applied the brakes to said autobile and endeavored to stop and avoid a collision with the automobile owned by the Town of Bastrop and operated by Othar Robinson, but inasmuch as the Bastrop automobile was so close to the automobile of the Town of Bastrop it was impossible for him to stop his automobile and in order to avoid a collision with the automobile of the Town of Bastrop, George D. Bacon was forced to drive his automobile off of the road and into the ditch on the north side of the highway.
"The automobile owned by the Town of Bastrop had been proceeding in an easterly direction along East Madison Street and was occupied by said Othar Robinson, a police officer of the Town of Bastrop, and one Frank Harrington, also an employee of the Town of Bastrop and your petitioner believes that said officers were patrolling the streets of the Town of Bastrop as police officers and that upon reaching the corporate limits the operator of said automobile endeavored to make a turn but lost control of the car and stalled the motor thus blocking the street or highway in the path of the automobile occupied by petitioner, and creating an emergency whereby George D. Bacon was faced with the alternative of either driving his automobile into the other automobile or leaving the highway and driving into the ditch in an effort to avoid a collision, and George D. Bacon chose the latter course of driving his car into the ditch, and petitioner avers that had George D. Bacon proceeded along the highway and not driven into the ditch he would have had a collision with the automobile of the Town of Bastrop and it is probable that such a collision would have resulted in very serious injuries to petitioner as well as the occupants of the other automobile.
"The aforesaid Othar Robinson is employed by the Town of Bastrop as a police officer and at the time of the collision he was acting in the scope of his duties and employment by the Town of Bastrop and was driving and operating an automobile owned by the Town of Bastrop and furnished to the said Othar Robinson as a police car.
"The aforesaid collision occurred in the Parish of Morehouse, State of Louisiana, and was caused by the negligence of the said Othar Robinson in suddenly and completely blocking the highway and forcing George D. Bacon to drive his automobile into the ditch in order to avoid a collision."
The mentioned police automobile was insured under a liability policy issued by the United States Fidelity and Guaranty Company; and that company alone was impleaded as defendant.
Answering the petition, defendant denies negligence on the part of Robinson; and it especially pleads that Fulmer and Bacon were negligent in that they were "driving at a very high and excessive rate of speed calculated to cause directly emergency situations and which speed was the proximate cause of the accident".
Intervening in this suit is the Great American Indemnity Company of New York, it asking reimbursement for workmen's compensation and medical expenses allegedly paid to Fulmer for his employer, and its insured, George D. Bacon.
In cause No. 6437, on the docket of this court, Hartford Fire Ins. Co. v. United States Fidelity Guaranty Co., 5 So.2d 927, the Hartford Fire Insurance Company, the insurer of the Lincoln-Zephyr under a collision insurance policy, asks judgment against the United States Fidelity and Guaranty Company for the amount it paid to Bacon for the damages sustained by his automobile.
George D. Bacon sues the said United States Fidelity and Guaranty Company in cause No. 6436, Bacon v. United States Fidelity Guaranty Co., 5 So.2d 927, *Page 925 
on the docket of this court, for the damages experienced by his automobile, less the amount paid him by the Hartford Fire Insurance Company, and also for medical expenses incurred and for personal injuries sustained.
The issues in said causes Nos. 6436 and 6437 are identical with those created by the pleadings of the plaintiff and defendant herein.
The three suits were consolidated for the purpose of trial and tried together; and the plaintiff in each obtained a judgment. Also the intervenor's claim in this proceeding was determined in its favor. From the respective judgments the United States Fidelity and Guaranty Company appealed.
East Madison Street, of the Town of Bastrop, has a 36-foot paved surface and runs east and west. At the eastern corporate limits of the municipality it narrows and connects with or joins the 18-foot concrete slab of Highway 165 that courses in the same direction. Beneath and perpendicular to the highway at such junction is a culvert that services a drainage ditch, approximately eight feet wide at its top, which extends north and south.
A concrete apron, projecting 21 feet from the north side of East Madison Street, lies a few feet west of such cross ditch. Extending from this apron to the north is a dirt road known as Cooper Street.
Another ditch borders or runs along the north shoulder of U.S. Highway 165 for a considerable distance east of the cross ditch.
It is disclosed by the evidence that shortly before the accident the police car, occupied by two Bastrop officers, was traveling east on East Madison Street behind a large bus of the Missouri Pacific Railway Company. At the Cooper Street intersection, such police car executed a left turn onto the aforementioned concrete apron and there came to a complete stop. No portion of it remained on East Madison Street.
The Lincoln-Zephyr sedan had nogotiated the crest of a hill on U.S. Highway 165, and was traveling westerly toward Bastrop on a down grade when its driver, George D. Bacon, observed the left turn being undertaken by the police car. This observation occurred as he was passing the Missouri Pacific bus, or immediately thereafter. Bacon applied his brakes, continued the car along the pavement for the distance hereinafter shown, and then deliberately steered it into and along the ditch on the highway's north side, controlling the automobile therein until it reached the cross ditch. On striking the west bank of this cross ditch, it turned end over end, then rolled sidewise and stopped on its four wheels near the concrete apron and police car. At no time did it strike any other vehicle.
The course of the Lincoln machine, from the moment that its brakes became engaged until its precipitation over the east bank of the cross ditch, was evidenced by unbroken skid marks located on the pavement and in the highway's north ditch. An actual measurement with a tape line, taken shortly after the mishap, disclosed a continuous skidding of 332 feet. By means of the method of stepping, it was found that 108 feet of that distance was traveled in the north ditch; and, by mathematical calculation, the skidding measurement along the pavement was the remaining 224 feet.
There exists a serious conflict in the testimony of the witnesses as to the speed of the Lincoln car on approaching the Bastrop corporate limits. Bacon estimates it to be "about 40 miles an hour probably, or maybe 35." Fulmer states that Bacon was driving "maybe 40 or 50 miles an hour; I wasn't watching the speedometer." One of the officers in the police car, however, thought the speed was greatly excessive; and the other described it by saying: "Well, I could say that it was running faster than I ever rode, and I have rode 85 miles an hour. When it turned over it was going faster sideways than it ought to have been going the other way." In this connection both officers quote Bacon as stating, shortly after the mishap, that the accident was due to his own fault.
Of course, the Lincoln car was proceeding toward these officers, and it is quite difficult usually for a person so situated to accurately guage the speed of an oncoming machine. The proven and described physical facts, however, are in corroboration of their testimony, and indicate that the car was traveling much faster than 50 miles an hour.
It is urged by plaintiff that the driver of the police car was negligent in making an abrupt left turn across a busy street under the then existing circumstances; and the argument is advanced that either he did not look or, if he did, he could not see the Bacon car because of the bus that preceded him. *Page 926 
Obviously, the bus did obstruct for a while each driver's view of the other car. The Lincoln machine was passing or had just passed the bus, according to the evidence, when Bacon first saw the police car; and the latter machine was negotiating the left turn when the attention of its driver was attracted to the Lincoln by the sound of skidding tires.
But also necessary to be noticed is the fact that when the police car had commenced turning and had come into the view of Bacon, he was more than 400 feet away. This conclusion is reached by considering that 332 feet were traveled by the Lincoln machine from the point of its initial skidding to the east bank of the cross ditch, that the police car was at least 21 feet west of that bank, and that Bacon, assuming arguendo that his machine was traveling only 45 miles per hour, drove 50 feet or more while reacting to the car's appearance and before applying the brakes. And such conclusion supports the statements of the officers that their car, before commencing the left turn, was approximately 450 feet behind the bus.
In view of this factual situation, and of the circumstance that the left turn was being attempted within the corporate limits of the Town of Bastrop at a street intersection, we are of the opinion that there was no negligence on the part of the driver of the police car. When such turn commenced there was no on-coming machine within his vision of at least 400 feet; and he had the right to assume that any approaching vehicle not then observable would experience a reasonable speed and be under proper control on its entering the corporate limits. He was not required to anticipate the approach of a car that was being driven at an excessive and unreasonable rate. McDonald et al. v. Stellwagon et al., La.App., 140 So. 133; Maritzky v. Shreveport Railways Company, 144 La. 692, 81 So. 253.
In the brief of plaintiff's counsel, it is stated:
"Defendant argues from a mathematical formula, based on time, speed and distance, that Bacon could have stopped his automobile and avoided the collision. We admit that it is possible that had Bacon followed his course and applied his brakes he could have stopped before reaching the police car. It might be also that he could have dodged the police car and gone around it."
And further we find in said brief:
"Bacon was going down hill and saw his path blocked. He did not have time to measure the distance between the two cars or to consult a table to see if he could stop his car in the available distance. Clearly he was confronted with an emergency where a quick decision was demanded and where the wrong decision might have been his last one. The safety of four people depended upon his decision. In this emergency he did what to him appeared the safest thing to do and we submit that his actions were entirely reasonable. The emergency was created by Robinson and no fault can be attributed to Bacon."
Then there is discussed by such counsel the well recognized rule of law that one who acts in a sudden emergency cannot be expected to exercise the same calm, deliberate judgment as would be displayed by the ordinarily prudent person, acting with deliberation, after timely apprehending the danger.
This doctrine is available only to a person who is proceeding carefully and prudently on the occasion of the sudden emergency and who does not contribute to its creation. Independent Oil Refining Company v. Lueders, 17 La.App. 154, 134 So. 418; Pierce v. Leonard Truck Lines, 18 La.App. 448, 138 So. 199; Stromer et ux. v. Dupont et al., La.App., 150 So. 32; Smith v. Tri-State Transit Company of Louisiana, Inc., La.App., 175 So. 83.
In the instant case, if it can be correctly said that plaintiff and George D. Bacon were faced with an emergency, the evidence clearly shows that the excessive and unreasonable rate of speed of their car was at least a contributing, if not the sole, cause thereof. Consequently, the doctrine relied on is inapplicable here.
Accordingly, the judgment of the district court is reversed and set aside; and the demands of plaintiff, Melvin J. Fulmer, and of Intervenor, the Great American Indemnity Company, are rejected, and their suit and intervention, respectively are dismissed at their costs. *Page 927