In these consolidated cases, the defendant, Joseph H. Slaughter, has filed an application for rehearing. We have our serious doubts as to the propriety of just one application for both cases. We are inclined to be of the opinion that he should have filed an application in each case, setting forth the errors committed by us relative to each case. However, we shall consider his application and his assignment of errors as applying to each case.
In so far as his application applies to the Hartman case, he assigns only one error and that is that we treated defendant Mayer as being discharged in the suit by Mrs. Hartman. We restate that defendant Slaughter is not in any worse position by Mrs. Hartman's action than he would have found himself had Mayer never been made a party defendant. Furthermore, Mrs. Hartman could have dismissed her suit against Mayer at any time without prejudice to her as against Slaughter.
In so far as his application applies to the Mayer case, his chief complaint is directed in our holding that the negligence, if any, of Mayer was not a contributing cause of the accident. He contends that Mayer was equally guilty of the same negligence as was his truck driver. After a careful review of this record we are firm in our opinion that we have not committed any error in our conclusion. Again, we repeat that our appreciation of the facts in this case leads us to the conclusion that the Hartman truck was not in the lane of travel of Mayer and within the range of Mayer's lights a sufficient length of time for Mayer to observe the Hartman truck and stop his automobile. Furthermore, he was presented with an emergency, not of his making, and is therefore absolved of any pre-existing negligence, that is, of driving too fast under the prevailing weather condition. His negligence *Page 48 
was not a cause of the accident under the facts of the case. We again state that the sole proximate cause of this accident was the negligence of McGinnis, defendant Slaughter's truck driver.
Rehearing refused in both cases.