JANVIER, Judge.
This is a suit for damages for personal injuries and for the cost of making repairs to plaintiff’s automobile. It results from a collision between plaintiff’s Nash sedan and a Ford truck of defendant, Cloverland Dairy Products Company, Inc., which took place at the corner of Dauphine and St. Peter Streets, in. New Orleans, between 3 :30 and 4:00 o’clock on the afternoon of June 3, 1948.
Plaintiff was operating his sedan on St. Peter Street, going in the direction of the Mississippi River, and the truck of defendant company was being operated by one of its employees, Samuel Gayden, on Dau-phine Street. It was going in an uptown direction. Each of the streets in question is a one-way street, and each vehicle was going in the proper direction. The impact occurred somewhere in the intersection and the Nash car of plaintiff sustained rather severe damage, and he himself was seriously injured.
He alleges that the accident resulted from the negligence of the driver of defendant’s truck jn the following particulars: That he was driving at an excessive speed at an intersection ; that he was not keeping a proper lookout for vehicles on the intersecting •street; that he failed to keep to the right and that had he done so, he could ha.ve driven the truck behind plaintiff’s car without the occurrence of a collision, and that either he did not apply the brakes of the truck or the brakes were defective.
Defendant, admitted the, occurrence,.,of the accident, but denied all negligence on the part of its employee, and it averred that its truck had preempted the intersection when it was run into by plaintiff’s car, which defendant averred was being' operated at a very fast rate of speed and that the plaintiff did not stop nor reduce the speed -of his car 'before it entered the intersection. In the alternative that it should appear that the driver of plaintiff’s truck was in any way at fault, then defendant especially pleaded the contributory negligence of the pláintiff as the proximate cause of the accident.
In the Civil District Court for the Parish of Orleans there was judgment dismissing the suit and plaintiff has appealed.
There is a sharp conflict in the testimony as to which vehicle entered the intersection first and as to whether the car of plaintiff was brought to a stop before it entered the intersection; Plaintiff insists that he approached the intersection at a reasonable speed and that he brought his car to a full stop, and that he looked to his left, saw the truck approaching, and then started his car and had almost crossed the inter-setion when it was run into from the left by the truck of defendant.
Defendant’s driver, on the other hand, maintains that he approached the intersection at a very slow speed and that just as he entered it the car of plaintiff, at a very high speed, dashed into the intersection and into the right front fender' of the truck.
Numerically the witnesses, who say that plaintiff’s car was brought to a stop before entering the intersection, predominate. Plaintiff says that it was brought to a stop and he is corroborated by two bystanders. Defendant’s driver says. that it was not brought to a stop and he is corroborated by one bystander. .
It is shown that in an effort to avoid a collision the driver of the truck, at the last moment, swerved to its left into St. Peter Street, and it is shown, too, that the collision occurred probably at about ■ an extension of the property line on the river side of Dauphine Street., The Nash of plaintiff ran into or was knocked into a post very near the corner. Three police officers arrived on the scene shortly after the occurrence, but their testimony is limited to statements as to the position of the cars when they arrived there. And they do not agreé-on this. They do say that they made an investigation and attempted to find witnesses and did not find any persons who •claim to have seen the occurrence. Were it not for thé fact that the Judge a quo saw and heard the witnesses and reached a conclusion on the questions of fact which *354 are involved, we would find it very difficult to ourselves decide just what did take place, but since the Judge of the District Court reached a conclusion, we say only that the evidence does not show that that conclusion was mánifestly erroneous.
We find in the testimony of plaintiff himself statements which seem to show rather plainly that even if he did stop at the corner and look carefully down Dau-phine Street for approaching traffic, his contributory negligence was the proximate cause of the accident which, if his statement is true, was due to his own carelessness in entering the intersection directly in the face of impending danger. He says that he stopped and looked and entered the intersection at slow speed, although he saw the truck only about twenty-five yards away and approaching the intersection at a speed of from thirty-five to forty miles an hour. This was negligence on his part. However careless the other driver may have been in approaching the corner at too -high a rate of speed, and in not slowing up to yield the right of way to the vehicle which was about to enter the intersection first, it was not that fault which caused the accident, but the true or proximate cause was the negligence of plaintiff himself in not permitting his car to remain in a stationary position when he saw the truck approaching at high speed and only 75 feet away.
Counsel for plaintiff argue that even if plaintiff was at fault in entering the intersection in front of the approaching truck, nevertheless the accident could have been avoided if the driver of the truck had carefully steeredi to its right and passed behind plaintiff’s car. The record does not justify a ’conclusion that this could have been done. •
In the first place, there was a conflict in the testimony as to whether even after the cars had.come to a stop there was space behind, the Nash car in which the truck could b&ve been driven up Dauphine Street. Even the police officers did not agree on. this. And ;in the second place, if the proximate cause of the accident was the .fact. that.the..plaintiff himself created a dangerous- emergency by driving out in front of the approaching truck, he cannot be heard to say that the accident could nevertheless have been avoided by the exercise by the driver of the truck of extraordinary care. In such case, where an emergency is created by one party to an accident, he cannot be heard to charge the other with negligence merely because that other, in the emergency, fails to exercise perfect judgment. Independent Oil Refining Co. v. Lueders, 17 La.App. 154, 134 So. 418; Diebel v. Bertucci, 19 La.App. 412, 140 So. 515; Labatt v. Bell Cabs, Inc., La.App., 145 So. 296; Richard v. Roquevert, La.App., 148 So. 92.
Our conclusion is that the finding below was correct. Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.