ELLIS, Judge.
Robert Carolina, at about 2:45 P.M. on July 3, 1949, was driving his Ford automobile in a northerly direction on U. S. Highway 61-65, followed by a car operated by a Mr. Brown who was followed by another car operated by a Mr. Zwaifler. These three cars were preceding a Pontiac driven by Louis Mack. Paul Pino was driving his Plymouth automobile in a southerly direction on the same Highway. As these automobiles neared the intersection of U. S. Highway 61-65 and the old Jefferson Highway, Louis Mack, at a high rate of speed, passed the Zwaifler and Brown automobiles, but noting the proximity of the on-coming Pino vehicle, pulled back into his right lane of traffic and crashed into the rear of the Carolina car, the force of this impact propelling the Carolina car into the south lane of traffic and into the path of the Pino vehicle. A collision occurred between the Pino and Carolina automobiles.
« Plaintiff Robert Carolina brought this suit against Louis Mack, Paul Pino and Pino’s liability insurer, General Acceptance Fire & Life Assurance Corporation, Ltd., for damages to his automobile and for personal injuries. No pleadings were ever filed upon behalf of Louis Mack and a judgment was taken by default against him. An exception of vagueness was filed upon behalf of Pino and his insurer, and this *5 exception was sustained. Plaintiff then filed an amended and supplemental petition, and the defendants filed exceptions of no cause and no right of action. These exceptions were referred to the merits and the case was tried. At the conclusion of the trial counsel for the defendants recalled the exceptions of no right and no cause of action whereupon the Court sustained the exceptions and dismissed the suit insofar as Paul Pino and his insurer were concerned. From this judgment plaintiff has appealed.
The trial judge, at the conclusion of the trial in sustaining the exceptions in the case considered all of the evidence and so stated in his reasons for judgment. The record shows that at the beginning of the trial counsel for defendants and exceptor reserved “the right at the close of the evidence concerning the facts of the accident to recall from the merits the exceptions of no cause and no right of action filed herein. * * * ” There was no obj ection to any testimony and, therefore, the judgment of the trial judge in sustaining the exceptions is before this Court on appeal on the entire record or evidence in the transcript.
There is no doubt the first act of negligence encountered in this cause is that committed by the defendant, Louis Mack, when he caused his automobile to collide with the rear of plaintiff’s automobile, catapulting it into the south lane of traffic. Of course, judgment by default has already been taken against Mack and he is not represented in this appeal. Therefore, the sole question before this Court is whether Pino was guilty of any negligence whatsoever and, if so, was this negligence of such a nature as to establish legal liability to the plaintiff.
It is not necessary for one ft} be liable that his negligence or negligent act be the sole cause of the accident, it being sufficient, that his negligence concurs with one or more efficient causes, nor is it necessary that the acts be related one to the other. It is material that each contributed in fact to the consummation of harm, and there must be a legal or proximate cause flowing from a causal connection in fact. This doctrine, which is firmly established in our jurisprudence, has been expressed quite clearly in the case of Mason v. Herrin Transfer & Warehouse Co., La.App., 168 So. 331.
On the other hand if the evidence discloses the sole proximate cause of this accident was the negligence of Louis Mack, and no acts of the defendant Pino contributed as a proximate cause to the accident, .then, of course, Pino should be held blameless.
The trial court stated its reasons for sustaining the exceptions and dismissing plaintiff’s suit as follows:
“The Court, after listening to the various witnesses as to how this accident occurred has concluded, based upon this testimony, that the accident occurred pretty much as testified to by Mr. Pino and by Mr. Brown, that is, that Mack was coming at a highly excessive rate of speed, probably half drunk, and passing cars at an intersection, and was guilty of the grossest kind of negligence, and that his actions created a sudden emergency and that, therefore, even if Mr. Pino did not exercise the best judgment, he nevertheless would not be guilty of any negligence, because the law does not require it.
“It seems to this Court that the Mack car darted back into line and collided with the rear end of the Carolina car, causing it to careen across the path of the Pino car was due entirely to the gross negligence of Mack.
“The Court fails to see where Mr. Pino was guilty of any negligence. He was certainly driving at a reasonable rate of speed, he was driving on his right side of the road, and when the emergency developed, he cut to his right to avoid the accident. It may well be that he is in error as to having come to a complete stop. The Court is inclined to think that he is, but he certainly was not going at an excessive rate of speed—all the witnesses verify that—and he certainly was keeping a proper lookout, and the Court fails to see how he is guilty of any negligence.”
Disinterested witnesses fix the intervening distance between the Carolina and Pino *6 cars when the former ran into its left or southbound traffic lane at about 25 feet. Mr. Zwaifler stated only a second or two elapsed from the time the Carolina car entered the path of the Pino car until the collision occurred between the two vehicles. There is no evidence that the Pino car was exceeding- the speed limit or was traveling at a dangerous rate of speed under the circumstances. He fixed his own speed at approximately 12 miles per hour when he first saw the Carolina vehicle in his path, and further stated he was traveling at a speed of 25 to 30 miles per hour prior to that time. By his own testimony he had come to a complete stop when the collision occurred, but from the evidence the trial court was inclined to think he might still have been moving. Be that as it may, he was certainly not traveling at an excessive rate of speed even if the estimate placed by plaintiff thereon of 40 to 50 miles per hour is taken as correct, since such speed was not in violation of any law, nor was it unreasonable under the circumstances.
While the plaintiff's testimony is not in accord with the other witnesses as to the speed of the Pino car when it struck him or immediately prior thereto, or as to the distances between the two vehicles when plaintiff was propelled into the southbound traffic lane, it must be considered that by his own testimony he already had been knocked upon the back of the seat of his automobile and was at least in a semi-conscious state, and was in no position to see or estimate the speed of the Pino automobile. When his and the Pino automobile collided he was thrown out of the automobile and remained unconscious until after he reached the hospital.
It is not disputed that the impact between the Carolina and Pino vehicles occurred in Pino’s right lane of traffic, the Carolina car having been propelled there by the force of the collision with the Mack vehicle. The distance between the Carolina and Pino vehicles at the time the former was thrust into the path of the on-coming Pino car, can from the evidence be reasonably estimated at from 25 to 30 feet. A collision occurred almost immediately. Up until this time Pino was guilty of no negligence, and under our interpretation of the testimony the only possible theory upon which he could be held blame-worthy is that he had a last clear chance to avoid the accident of which he did not take advantage.
The position of the Pino vehicle after the collision is said by witnesses as being partly off the Highway on the shoulder, and Pino’s testimony is that he applied his brakes and attempted to avoid the collision by turning to the right, but was unable to do so since the Carolina vehicle was too close to him to avoid striking it. We are of the opinion that the doctrine of last clear chance has no application to the facts .of this case as plaintiff has failed to show that Pino discovered Carolina’s peril in time to avoid the collision, or that he had time to take any effective action to avoid it.
A case similar in fact to this case is found in Mayer v. Slaughter, 39 So.2d 166, 173. There a truck driven by McGinnis, traveling west on Highway 190, collided with the rear of a truck driven by Hartman who was also proceeding west. The Hartman truck was pushed into the path of an eastbound vehicle driven by Mayer. In deciding that Mayer was guilty of no negligence contributing to the accident the Court stated: “Our appreciation of the facts in this case leads us to the conclusion that the Hartman truck was not in the lane of travel of Mayer and within the range of Mayer’s lights a sufficient length of time for Mayer to observe Hartman’s truck and stop his automobile before striking the truck. It therefore cannot be said that Mayer did not keep a proper lookout and did not have his car under proper control. It may be conceded that Mayer was operating his car at an excessive rate of speed due to the weather condition then prevailing, yet the fact remains that his speed was not a proximate cause of the accident, and we agree with the trial judge that the sole proximate cause of the accident was the negligence of McGinnis.”
We believe, as did the trial Judge, that a sudden emergency was created when Plaintiff’s vehicle veered suddenly into the path of the Pino vehicle, and that Pino *7 exercised reasonable care under the circumstances to avoid the accident.
Accordingly, the judgment of the District Court is affirmed at appellant’s cost