DREW, Justice.
This is- an appeal from a final judgment awarding $5,000 damages to the husband and $6,000 to the wife for injuries arising out of an automobile .accident; which occurred at the corner, of Clay and Adams Streets in the City of Jacksonville.
At the conclusion of the introduction of evidence the lower Court directed the jury to return a verdict in favor of the plaintiff. The reason for directing the verdict was that the defense of a sudden emergency confronting the defendant failed because the evidence conclusively established that the sudden emergency was brought about and arose by virtue of the negligence of the defendant. The correctness of this ruling and the question of whether the damages are excessive are presented here for our consideration..
Our examination of the record convinces us that the' sudden emergency which confronted the defendant was brought about and arose because, and only because, of the negligence of the defendant in failing to bring his car to a stop in the face- of the red traffic signal before entering the intersection. One cannot defend on a theory of sudden emergency when his own negligent- action brings it into existence. See 5 Amjur. 601, citing cases fo-r *397 the statement “where the situation of peril arises because of- the driver’s own negligence, the emergency rulé cannot he invoked in his behalf.” See also Independent Oil Refining Co. v. Lueders, 17 La.App. 154, 134 So. 418. To recognize the right of a defendant to escape liability under such circumstances w.ould be tq reward one for his own negligence.
As to the question'of' damages, this issue was submitted to the jury on proper instructions. There is evidence in the record to sustain the reasonableness of the amount awarded. We have no' authority to upset the amount of the verdict under such circumstances. Upton v. Hutchison, Fla., 1950, 46 So.2d 20, and cases therein cited.
Affirmed.
ROBERTS, C. J., THOMAS, J., and LOPEZ,- Associate Justice, concur.