McBRIDE, Judge.
Walter, an employee of the City of New Orleans, was operating a large heavily-ladened automobile truck of the Department of Sanitation in which his co-worker, Willoz, was also riding on the morning of December 4, 1958, and both men were injured in an accident which they allege to have occurred through the negligence of Mrs. Mareno, the driver of another automobile. By joint petition herein they sued defendant, Mrs. Mareno’s liability insurer, for damages for personal injuries and loss of wages, and after trial below, judgment was rendered in favor of each plaintiff from which defendant appeals.
Several specifications of negligence are levelled at Mrs. Mareno, it being alleged she executed a left turn from the right side of the road without regard to the safety of motorists in following vehicles. The answer denies negligence on the part of defendant’s insured and affirmatively avers the accident was caused by virtue of negligence on the part of Walter; alternatively, contributory negligence in several respects is pleaded.
 We have carefully read the testimony adduced by the respective parties and conclude that the weight thereof shows the accident was caused solely by reason of Mrs. Mareno’s gross fault. The two vehicles were traveling on the inbound roadway of Broadway Avenue, the car of Mrs. Mareno being in the lead followed by Walter’s truck which traveled about 75 feet to her rear. Walter claims a speed of 15 miles per hour which is disputed. He could not have been speeding because at Freret Street, a block before the locus of the accident, both vehicles had come to a stop in obedience to a traffic semaphore signal, the Mareno vehicle in the lead. Mrs. Mareno, upon approaching the Burthe Street intersection, swerved to the right side of the roadway giving the impression to Walter she • intended to execute a right turn, but instead she suddenly and without warning veered to the left directly into the path of the truck. Mrs. Mareno’s intention was to make a left turn, but she went about the maneuver in a most unusual and hazardous manner and created a sudden emergency. See LSA-R.S. 32:235. Through Walter’s alertness the truck did not hit the automobile; he had not sufficient stopping distance, so in order to avoid a collision he instinctively swerved sharply to the right with the intention of passing around the Mareno car, but unfortunately the truck, due to the narrow width of the roadway, ran over the sidewalk curbing striking a fireplug, a tree and eventually capsizing. The law excuses a person from using the best possible judgment when a sudden emergency occurs through someone else’s negligence, and we think under the circumstances Walter acted in a manner consistent with prudence and normal human reactions. Had he not veered to the right, disaster might have ensued. Besides Mrs. Mareno, a passenger was riding in her automobile.
The sudden emergency causing damage to plaintiffs was created through and arose solely from the negligence of defendant’s insured for which defendant must respond.
There is some contention whether Walter had a chauffeur’s license. See LSA-R.S. 32:402. But the possession vel non of a chauffeur’s license is of no moment because there could be no possible causal connection between the accident and the lack of such license. Moreau v. Garritson, La. App., 166 So. 660.
 The award to Walter was $1,287.-28, while Willoz recovered $75. Said amounts are not excessive, but contrariwise appear to be modest. Walter was pinned *478 beneath the track sustaining a hematoma of the left side of the head, a contusion of the left hip and a fracture of a rib. He was removed to and confined in a hospital for four days and was incapacitated from work for more than three weeks. Willoz suffered a contusion and abrasion of the right leg and could not work for several days.
Judgment appealed from is affirmed.
Affirmed.