BOLIN, Judge.
Mrs. Fouche was injured while riding as a guest passenger in an automobile driven by Mrs. Velma C. Bellotte and covered by liability insurance with defendant company. The injuries resulted from a near “head-on” collision with a car driven by Henderson Shaw, who was not made a party to the suit. Without assigning written reasons, the lower court awarded Mrs. Fouche and her husband judgment for $429.40 under the medical payment provision of the policy (which is not dependent upon fault or negligence of its insured) but otherwise denied plaintiffs’ demands. The lower court’s judgment was apparently based on a finding that the accident was caused entirely by Shaw’s negligence in driving on the wrong side of the highway. From this judgment plaintiffs have appealed.
The accident occurred on a normal, two-lane, blacktop highway. The Bellotte vehicle was traveling east and the Shaw car was traveling west. It was dark and both cars had the headlights burning. It is not disputed Shaw was grossly negligent in driving in Mrs. Bellotte’s lane of travel. However, plaintiffs contend Mrs. Bellotte was a joint tort-feasor in that she saw, or should have seen, the car approaching her in the wrong lane for a sufficient length of time to have avoided the accident by the exercise of due care. Defendant, on the other hand, contends its insured was confronted with a sudden emergency when she first observed the oncoming Shaw car was partially in her lane, and that her failure to avoid the accident under such circumstances did not constitute negligence.
We have reviewed the record of the proceeding below and find it to be brief and the testimony remarkably free of conflict. Viewing the evidence in the light most favorable to appellants, Mrs. Bellotte first realized the Shaw vehicle was invading her lane of travel when it was about fifty yards away, at which time she began slowing her vehicle and turning it to the right. After having pulled her car partially off the hard-surfaced portion of the road onto the gravel and grass shoulder, it was struck almost head-on by the Shaw car. The exact speed of neither car was ascertained but Mrs. Bellotte was not traveling in excess of 30 miles per hour at any time, while the Shaw vehicle was going much faster.
We think Mrs. Bellotte was faced with a sudden emergency created entirely by the gross negligence of the approaching *182 motorist in driving on the wrong side of a two-lane highway at night. Under these circumstances it is the settled jurisprudence of this state that a person is not obligated to exercise the same degree of care or judgment as is required under normal circumstances. Dane v. Canal Insurance Company et al., 240 La. 1038, 126 So.2d 355 (1960) and the numerous cases cited therein. In the emergency thus faced by Mrs. Bellotte her actions were reasonable and justified. Appellants’ contention that she should have driven her automobile completely off the blacktop portion of the highway onto a shoulder, which was grown up with grass and weeds, is without legal foundation and is an attempt to exact hindsight instead of foresight from a motorist faced with a sudden emergency.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.