**NEWTON et al. v. GLENN et al.**

No. 11306.

Circuit Court of Appeals, Fifth Circuit.

June 20, 1945.

Rehearing Denied Aug. 10, 1945.

T. J. Wills and George W. Currie, both of Hattiesburg, Miss., and R. W. Thompson, Jr.. of Gulfport, Miss., for appellants.

T. C. Hannah, M. M. Roberts, and Luther A. Smith, all of Hattiesburg, Miss., and Edward P. Russell, of Memphis, Tenn., for appellees.

Before HOLMES, McCORD, and LEE, Circuit Judges.

880

HOLMES, Circuit Judge.

This appeal is from a judgment adjudicating the appellants to be bankrupts and referring the cause to a referee in bankruptcy to take such further proceedings as may be required by law.

In a plenary action, original, amended, and supplemental involuntary petitions in bankruptcy were filed by creditors against the defendants below, appellees here. Acts of bankruptcy were alleged that consisted of the defendants having (a) conveyed, removed, and concealed their property with intent to hinder, delay, and defraud their creditors; (b) transferred, while insolvent, some portion of their property to creditors with intent to prefer them over other creditors; (c) permitted, while insolvent, a creditor to obtain a lien upon their property through legal proceedings, and not having vacated or discharged such lien within thirty days from the date thereof; and (d) while insolvent and unable to pay their debts as they matured, permitted the appointment of a receiver to take charge of their property.

The defendants filed their answer, traversing these allegations, and demanded a trial by jury under Section 19 of the Bankruptcy Act, 11 U.S.C.A. § 42. Upon such trial, which extended over a period of several weeks, the jury returned a verdict for the defendants, and judgment in their favor was entered upon the verdict. This judgment was set aside, and a judgment notwithstanding the verdict, adjudicating the appellants to be bankrupts, was entered by the court.

At common law, judgment non obstante veredicto was given for the plaintiff, on his motion, where the defendant obtained a verdict but it appeared from the pleadings, or because the facts found by the jury were immaterial, that the defendant was not legally entitled to the judgment. The judgment could be given only for the plaintiff; the remedy for the defendant was to have the judgment arrested where the plaintiff's pleading, even if its allegations were true, disclosed no right of recovery. The procedure was to enter the verdict upon the record, and then to enter the judgment for the plaintiff non obstante veredicto.

In the instant case, although entered under the old name, this was not strictly and technically a judgment non obstante veredicto according to the common law. If the remedy afforded by the old practice was still available, it was not invoked and this was not a proper case for its application. The following is what took place: At the close of all the evidence, the appellees moved for a directed verdict in their favor, which was not granted. Thereupon, by virtue of Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the court was deemed to have submitted the action to the jury subject to a later determination of the legal question raised by the motion. Within ten days after the reception of the verdict, the appellees moved to have the verdict, and judgment entered thereon, set aside and to have judgment entered in accordance with their motion for a directed verdict. This motion was sustained and judgment entered accordingly.

The basis of the decision below was the insufficiency of competent evidence to support the verdict. If that basis was unsound, the judgment should be reversed even though the judge thought the evidence for the defendants was weak and not entitled to much weight. These matters were for the consideration and determination of the jury. It was for the court to decide, as a matter of law, whether there was substantial evidence to support the verdict.

It would be useless to review the evidence in the 1900-page record of the long jury trial. The burden of proof was on the petitioning creditors; they met it by enough evidence of the insolvency of the defendants, of the appointment of a receiver to take charge of their property, and of transfers, conveyances, preferences, and concealments by them, to establish prima facie all the acts of bankruptcy charged in the amended and supplemental petitions. Substantial evidence in contradiction thereof, especially in contradiction of that evidence tending to show defendants' insolvency, was necessary to create an issue of fact for the jury. Such evidence was not produced, although the facts as to their solvency were peculiarly within the knowledge of defendants. Viewing the evidence in the light most favorable to the appellants, and accepting as true all competent evidence in their behalf, we think the requested peremptory instruction to find for the plaintiffs should have been granted.

The right to a trial by jury given by the bankruptcy act differs from the trial of an issue of fact in chancery; the former is absolute, and cannot be withheld in the

discretion of the court. A verdict of the jury in a bankruptcy case has the same effect as the verdict of a jury in an action at law in the federal court.[1] Rule 81(a) of the Federal Rules of Civil Procedure provides that said rules do not apply to proceedings in bankruptcy except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States. By General Order No. 37, 11 U.S.C.A. following section 53, it is provided that in bankruptcy proceedings the Federal Rules of Civil Procedure, in so far as they are not inconsistent with the bankruptcy act or the general orders, shall be followed as near as may be.

Rule 50(b) of said rules of civil procedure is not in conflict with the bankruptcy act or said general orders, since it adds nothing of substance to the rights of litigants, but merely renders unnecessary a formal reservation of the question of law and regulates the time and manner of moving for judgment on the ground of the court's refusal to direct a verdict.[2]

We find no reversible error in the record, and the judgment appealed from is affirmed.

[1] Elliott v. Toeppner, 187 U.S. 327, 23 S.Ct. 133, 47 L.Ed. 200.

[2] Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; Berry v. United States, 312 U.S. 450, 61 S.Ct. 637, 85 L.Ed. 945; Galloway v. United States, 319 U.S. 372, 389, 63 S. Ct. 1077, 87 L.Ed. 1458. Cf. Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas. 1914D, 1029.