Action by Sandra Ann Kidd, a minor, by Alton S. Kidd, her father and next friend, against Mary Lois Cox and another for injuries sustained by minor plaintiff when struck by automobile driven by named defendant. From final judgment for defendants, judgment non obstante veredicto in favor of plaintiff, and order on defendants' motion for new trial, plaintiff appeals.
Judgment reversed with directions.
Appellant, a minor, by her father as representative, sued appellees to recover damages for personal injuries resulting from a collision with an automobile driven by the defendant, Mary Lois Cox. The accident took place at the intersection of N.W. 17th Avenue and N.W. 42nd Street in Miami.
At the trial the jury returned a verdict for the plaintiff in the sum of $8500. Defendant moved for judgment non obstante veredicto, for directed verdict and for a new trial. Counsel seasonably stipulated that Rule 50, Federal Rules of Civil Procedure, 28 U.S.C.A., governs disposition of defendants' motions. On the basis of this stipulation, the trial court entered an order granting the motion for judgment non obstante veredicto with the qualification that had he not granted the latter motion, he would have granted the motion for new trial. Final judgment was entered for the defendant. This appeal is from the final judgment, the judgment non obstante veredicto and the order on the motion for new trial.
Rule 50, Federal Rules of Civil Procedure, has to do with motions for directed verdict. The agreement of counsel to apply Rule 50 to this case was in substance that the court might reserve his decision on motion for directed verdict and "within ten days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict." For the purpose of the instant case only, this rule was appropriated.
The Supreme Court of the United States has construed Rule 50 of the Federal Rules of Civil Procedure to mean that formal reservation of a question of law is unnecessary and permits a motion for directed verdict and a motion for new trial *Page 456 
to be disposed of concurrently; it neither adds to nor subtracts from the substantive rights of the litigants. Newton v. Glenn, 5 Cir., 149 F.2d 879, certiorari denied 326 U.S. 758, 66 S.Ct. 100, 90 L.Ed. 456; Montgomery Ward Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147.
The appellant has argued several questions, but we think the only question we are required to consider is whether or not the trial court committed error in granting the motion for judgment non obstante veredicto or motion for directed verdict as it was treated.
The parties are not at variance as to the law directing the answer to this question. They both admit that under Section 54.17, Florida Statutes 1941, F.S.A., a motion for directed verdict made at the close of the plaintiff's case is granted only when there is no evidence on which the jury could legally find a judgment for the plaintiff. It is also admitted that the party moving for a directed verdict admits not only the facts stated in the evidence adduced, but he also admits every conclusion favorable to the adverse party that a jury might freely and reasonably infer from the evidence.
The evidence shows that the accident in which plaintiff was injured took place at the intersection of N.W. 17th Avenue and N.W. 42nd Street at about ten o'clock A.M. The defendant was driving South on N.W. 17th Avenue and struck appellant about three feet from the curb on her (defendant's) left. 17th Avenue is paved approximately 30 feet between curbs and appellant had traveled across it from defendant's right. Defendant was traveling from 20 to 25 miles per hour, the day was clear, the street was dry and there were no traffic or other impediments. The evidence is in conflict as to how far defendant was above the intersection when plaintiff, who was eight years old, started across the street, but the distance must have been from 50 to 100 feet. At any rate, the City Ordinance provides that at intersections pedestrians have the right of way. There is ample evidence to show injury. It is true that the evidence on this point was in conflict but that was a matter for the jury to decide.
The question of negligence is for the jury to determine and negligence vel non, as this court said recently, is relative. One may take his chances and drive at rapid speed and not be charged with negligence if he hurts no one. If he maims or kills some one driving at comparatively low speed he may be negligent, depending on the circumstances. One driving his car through a community like that in question is charged with knowledge of the rules of the road and whether or not she was observing them becomes important. In other words, whether or not she was giving heed to the most elementary road etiquette which common courtesy requires that she extend to every other person who happens to be on the road.
When a city ordinance provides that at intersections pedestrians have the right of way, it is for the jury to determine from the evidence and other factual conditions presented whether or not motorists approach the intersections with due care. Pedestrians includes the old, the young, the weak and the strong and children of tender years, and motorists are on notice that they are expected to drive at a speed that their motor vehicle will be under control at all times. Such were the considerations that confronted the jury in this case and it resolved them against the defendant. We find no reason to set their judgment aside.
The judgment granting the motion for directed verdict is accordingly reversed with directions to proceed accordingly.
Reversed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur. *Page 457