60 So.2d 177 (1952)
KING
v.
GRINER.
Supreme Court of Florida, Division A.
August 8, 1952.
*178 King & Staufer, Winter Haven, for appellant.
Sherman T. Taylor, Winter Haven, for appellee.
TERRELL, Justice.
Immediately after leaving a "beer joint", about midnight, April 2, 1951, near Dundee on the Winter Haven-Dundee Highway, Leon Griner was run over and killed by an automobile driven by Joe Roy King. This action was brought by Griner's wife against the owner of the automobile to recover damages for the negligent death of her husband. The issue was tried by the court without a jury, resulting in a judgment for the plaintiff, from which this appeal was prosecuted.
Several questions are urged for reversal. Summarized they had to do with (1) reciprocal rights of motorists and pedestrians on the highway; (2) the driver of the car was confronted with an emergency and used his best judgment; (3) contributory negligence on the part of the deceased was not given due consideration; and (4) the court indulged speculation, supposition and unwarranted hypothesis not supported by the evidence.
These questions grow out of appellant's view of the factual situation and their answer turns on the interpretation of the evidence which was conflicting in many aspects. It was reviewed and clarified by the trial judge, so we are not left in doubt as to his appraisal or it. His deductions are logical and find ample support in the record. Counsel contends that a different conclusion should have been reached. This is equivalent to contending that we should accept counsel's appraisal of the probative value of evidence instead of the trial Judge's. The trouble with this contention is that the trial court is designated under the law to weigh the evidence (when the jury is waived), and we are required to follow his judgment, unless he applies a wrong rule of law or is shown to have been influenced by conditions outside the record. No such showing is made in this case.
This Court is committed to the doctrine that the rights of motorists and pedestrians on the highways are reciprocal, and that neither has a paramount right over the other. Kidd v. Cox, Fla., 40 So.2d 454. We further held in this case that pedestrians include the old, the young, the weak and the strong and children of tender years, and that motorists are required to drive at a speed that will enable them to keep their motor vehicle under control at all times. This means that if he is racing over a speedway he can bear down on the gas and let his automobile do its best. If he is traveling on the highway he is required to confine himself within the allowable speed, if he is traveling through congested areas, residential districts where there are churches, schools, playgrounds, "beer joints" or other places where the public congregates, he is expected to travel at a speed that will enable him to control his automobile at all times. Appellee's husband was 56 years old and was leaving a "beer joint" about midnight, when he was killed. It is common knowledge that business is often going strong at such places at this hour, and their customers are on the move. Drivers on the highways are expected to bear this in mind.
The trial court found that when the deceased was killed he had "crossed the driver's right lane and was in the left lane" of the highway. The trial court also found that the cause of the unfortunate accident was "carelessness of the driver in not having proper lights or in failing to look where he should have looked and see what he should have seen and simply keep his car under control so he could stop within range of his vision." If the driver was confronted with an emergency, he was responsible for it, and cannot complain. If he had had his car under control, the tragedy could have been avoided. The *179 Court found against the charge of contributory negligence and, since there was no jury, he was warranted in drawing reasonable deductions from the evidence. The driver was in an area where his car should have been under control and he failed to exercise that wisdom.
The evidence was ample to support the trial court's finding. We have found it very helpful and have no alternative but to affirm it.
Affirmed.
SEBRING, C.J., and HOBSON and ROBERTS, JJ., concur.