89 So.2d 780 (1956)
Carl Lewis NELSON, Appellant,
v.
Roberta ZIEGLER, Appellee.
Supreme Court of Florida. En Banc.
July 18, 1956.
Rehearing Denied September 24, 1956.
*781 George B. Mehlman and Paty, Downey & Paty, West Palm Beach, for appellant.
Farish & Farish and Earnest, Smith, Jones, Paine & Cone, West Palm Beach, for appellee.
THORNAL, Justice.
Appellant Nelson, the plaintiff below, seeks reversal of a judgment based on a directed verdict for appellee Ziegler, who was defendant below, in an automobile negligence case.
The question before us is whether the trial judge properly directed a verdict for the appellee-defendant at the conclusion of presentation of all of the testimony.
At about 12:45 a.m., February 21, 1954, appellant Nelson, dressed in evening clothes, left the Casablanca Restaurant on a street known as County Road (U.S. Highway A1A) in the town of Palm Beach. He walked in a southerly direction, crossed a narrow street and turned west across County Road. At this point County Road is actually a four-lane highway, with two lanes to accommodate north-bound traffic and two for traffic south-bound. The night was clear, the surface of the road was dry, visibility was good. The general vicinity could be described as a congested area. There were traffic signals on each corner of the intersection but at the stated hour all traffic lights flashed a steady yellow caution.
Appellee Ziegler, driving her automobile north on County Road at about the center of the north-bound traffic lanes, was proceeding at a speed of 20 to 25 miles per hour. There was little doubt but that Nelson was fairly well "in his cups". He had been to a dinner party where by his own admission he had consumed at least four "Scotch and Sodas". The dinner party ended at 11:00 o'clock and from there he proceeded to complete the evening at the Casablanca. Due to a condition diagnosed as "retrograde amnesia", he had no recollection of anything that happened from the time he crossed a particular bridge shortly after 11:00 p.m., on February 20, 1954, which was a Saturday, until he regained consciousness in the hospital at 4:30 p.m. the following Monday, with the loss of an ear, severe head injuries, 20 fractures in the pelvic region, some paralysis and obviously *782 severe pain. He remained in the hospital for 31 days.
Appellee Ziegler testified that she did not see the appellant at any time before she heard a "thud" from the left side of her car. She stated that her lights were bright but she offered no explanation whatever for having failed to see the man. The point where the vehicle struck Nelson was approximately 21 feet from the curb. His body was found approximately 30 feet from the point of contact.
From a distance of about 75 feet one witness was able to see Nelson crossing the street. We have no direct proof of a "darting out" or "sudden emergency" situation. Nelson was apparently well out into the west lane of the north-bound traffic channel when he was struck by the left front fender and headlight of Mrs. Ziegler's car. Why she failed to see him, neither she nor anyone else tendered evidence. It is for this reason that we take the view hereafter announced that it was purely a question for the jury to decide whether under the circumstances she could and should have seen the man and observed his peril in time to have avoided the injury by the exercise of reasonable care commensurate with the circumstances.
After hearing all of the evidence, the trial judge concluded that it was his responsibility to decide the case as a matter of law and withdrew the decision from the jury. He stated that in his view defendant was driving at a legal rate of speed in a proper lane but that under the law "she was supposed to have seen him, or been able to see him or anyone else in her line of vision". The judge also concluded that the appellant-plaintiff was obviously under the influence of intoxicants and "walked right out in the road in front of that car, either seeing it  or if he didn't see it he should have seen it." He then stated his conclusion of law, that the evidence "shows both parties to be guilty of negligence, and under that neither one can recover". He thereupon directed a verdict for the appellee-defendant and subsequently entered judgment pursuant to the verdict. Reversal of this judgment is sought by this appeal.
Appellant contends that even though there might have been evidence of negligence on his part, nevertheless, there was also evidence of negligence on the part of the appellee in failing to maintain a proper lookout and that under these circumstances the issues presented a case for decision by a jury.
Appellee, of course, contends that the testimony showed that the contributory negligence of the appellant was sufficient to bar recovery as a matter of law.
A party moving for a directed verdict admits not only the facts stated in the evidence presented but he also admits every conclusion favorable to the adverse party that a jury might freely and reasonably infer from the evidence. It is ordinarily the function of the jury to weigh and evaluate the evidence. This is particularly so in negligence cases where reasonable men often draw varied conclusions from the same evidence. In a case of this nature, unless the evidence as a whole with all reasonable deductions to be drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury and substituting his own evaluation of the weight of the evidence.
Our analysis of the instruction which the Judge gave to the jury as a basis for directing the verdict leads us to the conclusion that, although admittedly he was one of the most experienced trial judges in the State, he applied an erroneous rule of law. He stated that in his view the plaintiff was negligent and also in his view the defendant was negligent and that since both parties were negligent, neither could recover. The correct rule applicable to the defense of contributory negligence is that only in those cases where negligence of a plaintiff proximately contributes to the cause of his own injury and damage will *783 such negligence bar recovery. A plaintiff can be guilty of some negligence but unless it is negligence that proximately contributed to causing the injury, then the negligence of the defendant, if established, remains the proximate cause and despite the fact that the plaintiff is guilty of some negligence, the defendant can still be held liable.
We are committed to the rule that the rights of motorists and pedestrians on the highways are reciprocal. Neither has a paramount right over the other. See King v. Griner, Fla. 1952, 60 So.2d 177, a case rather strongly analogous to the one at bar.
Many years ago this court aligned itself with the view that an automobile is a dangerous instrumentality and while the driver thereof is certainly not an insurer of the safety of those who project themselves into his pathway, he is charged with the responsibility of having his vehicle under control at all times, commensurate with the circumstances and the locale. Another of his responsibilities is to maintain a sharp and attentive lookout in order to keep himself prepared to meet the exigencies of an emergency within reason and consistent with reasonable care and caution.
The conduct of this appellant certainly is not to be recommended as a plan for living out the allotted three-score and ten. In fact, this record suggests that he is fortunate to be living at all. We do not here hold as a matter of law that the appellant was free of contributory negligence. Furthermore, we are not here holding that the appellee was by any manner of means guilty of negligence as a matter of law. We do hold that on the basis of the record now before us the questions were for determination by the jury rather than by the trial judge. If the jury had passed on this situation and had found in favor of the appellee under appropriate instructions, we seriously doubt that we could have found any basis for disputing their judgment. By the same token, there is an area of proof in this record that could properly justify a jury of reasonable men in arriving at a conclusion that the appellant's perilous position in the street would or should have been known to appellee in time for her to have avoided the injury if she had been keeping a proper lookout and therefore the sole proximate cause of the injury despite appellant's conduct could have been appellee's failure to maintain such lookout or her failure to avoid the injury if by the exercise of reasonable care and caution commensurate with all of the circumstances she could have avoided it.
Because of this situation and without in any fashion intending to indicate our own view of the ultimate rights of these parties, we think that it was error to withdraw the case from the consideration of the jury.
We are willing to concede that the decision is a close one but because of that fact and because, as pointed out above, reasonable men might well and properly draw different conclusions from the evidence and proper inferences suggested thereby, it is our view that the case shown by this record should have been passed upon by a jury. See King v. Griner, supra; Kidd v. Cox, Fla. 1949, 40 So.2d 454; Springer v. Morris, Fla. 1954, 74 So.2d 781; Hardware Mutual Casualty Co. v. Tampa Electric Co., Fla. 1952, 60 So.2d 179, 40 A.L.R.2d 1293.
For the reasons stated, the judgment will have to be reversed and the cause remanded for further proceedings consistent with this opinion.
THOMAS, HOBSON, ROBERTS and O'CONNELL, JJ., concur.
DREW, C.J., concurs specially with opinion.
ANDERSON, Associate Justice, dissents with opinion.
*784 DREW, Chief Justice (concurring specially).
In Williams v. Sauls, 151 Fla. 270, 9 So.2d 369, 371, we reversed because of the failure of the trial court to charge the jury on the doctrine of the last clear chance. There the plaintiff's husband was killed when struck by a truck driven by the defendant. That the deceased was negligent on entering the street as he did was clearly established. The defendant driver saw the deceased when he first came into sight and later when he started across the road at a time when the driver was still thirty-five feet away. The driver did not apply his brakes sufficiently to show skid marks and swerved to the left but struck the deceased with the right front fender. In that case we said, speaking through Mr. Justice Adams, "The commission of the last or immediate negligent act renders all antecedent acts of negligence remote and immaterial * * *. Under the charge as given the jury could and no doubt did conclude that deceased negligently entered the road, and that such negligence contributed to his injury. The very claim of the benefit of this doctrine, however, is to admit a wrongful act in getting into a perilous position. If he is to remain bound by the original wrong, then he is deprived entirely of the benefit of relief for defendant's wrongful act which may be the immediate cause of the injury." In Wawner v. Sellic Stone Studio, Fla., 74 So.2d 574, we discussed this proposition at length, particularly as it related to the doctrine of the last clear chance. The rationale, however, in that case is clearly applicable to the facts in this case. I think the holding in both the Williams and the Wawner cases clearly requires a reversal here so that the cause may be submitted to a jury under appropriate instructions.
It is unquestionably negligence for an intoxicated person to wander into a busy highway. On the other hand, that fact does not authorize a person driving an automobile on that highway to run over such pedestrian with impunity. If the driver of the car sees or, by the exercise of reasonable diligence, should see the perilous position of the negligent pedestrian and there is an opportunity to avoid injuring him, it not only becomes his duty to do so but his negligence in failing to avoid the injury, if such occurs, becomes the immediate and proximate cause and the negligence of the intoxicated pedestrian becomes the remote cause.
For the above reasons, in addition to the one cited in the opinion of Mr. Justice Thornal, I agree that the opinion should be reversed and the cause remanded.
ANDERSON, Associate Justice (dissenting).
The Circuit Judge said:
"As I view this evidence, it shows that at the time that the defendant driver was proceeding down the road at a legal rate of speed, with her lights lighted, in her proper lane, she had no reason to believe that the plaintiff or any pedestrian would cross the road just a few feet away. Under the law she was supposed to have seen him, or been able to see him or anyone else in her line of vision. The evidence also shows that the plaintiff was obviously under the influence of intoxicating liquor to some extent  we don't know how much  but his speech was affected, he was staggering, he was unsteady, and walked right out in the road in front of that car, either seeing it  or if he didn't see it he should have seen it. So, I rule that the only reasonable inference to draw from it  and I must give the plaintiff the benefit of all conflicting bits of evidence  shows both parties to be guilty of negligence, and under that neither one can recover."
I have read the record quite carefully. I agree with the Circuit Judge's conception of the evidence and his views about the law. I would affirm.