114 So.2d 619 (1959)
Edward J. BELLERE et al., Appellants,
v.
Einar MADSEN, Appellee.
Supreme Court of Florida.
September 16, 1959.
Rehearing Denied October 15, 1959.
*620 Fleming, O'Bryan & Fleming and Harrison Griffin, Fort Lauderdale, for appellants.
McCune, Hiaasen, Kelley & Crum and James J. Linus, Fort Lauderdale, for appellee.
ROBERTS, Justice.
This is an appeal from a verdict and judgment in favor of defendant-appellee entered in a suit filed by plaintiffs, father and son, to recover their respective damages for injuries sustained when the Ford truck driven by the father, in which the son was a passenger, was struck from the rear by an automobile driven by the defendant. Jurisdiction of the appeal attached prior to July 1, 1957, the effective date of Revised Article V of the Florida Constitution, F.S.A.
Both parties were proceeding west on a two-lane road. Traffic was heavy in the west-bound lane but light in the east-bound lane. The road was wet and slippery. Because of the long line of traffic in the traffic lane in which they were travelling, the plaintiffs had stopped, waited, and started up two or three times as they approached the traffic light for which they were stopped at the time defendant ran into the rear of their truck. The force of the collision caused plaintiffs' heads to come into contact with and shatter the rear window of the truck. Plaintiffs heard no warning such as screeching of tires or sounding of a horn. The defendant gave the following explanation for running into the plaintiffs:
"* * * it had been raining during the day and the road was wet and slippery and there was a long line of cars and someone got ahead of me and stopped in front, got ahead of me a little bit and I tried to catch up, and down close to U.S. No. 1 I had to stop for a light, and in the meantime when I tried to catch up I saw a lady walking on the street, a girl I think it was, and I was kind of afraid to get too close to her, and so in a very short time I took my attention away from the road to watch her, before I knew it something was happening, I slammed on my brakes and the car skidded into it and hit it."
In answer to the question, "Where was the girl with reference to the pavement, was she off the pavement?" the defendant replied: "She was on the pavement as far as I know. I know the grass was wet. I wouldn't have been afraid that I would have hit her if she was on the grass because I was on the pavement."
It was shown that the girl was walking in an easterly direction on the defendant's right, or north, side of the road, facing the plaintiffs and the defendant. When the plaintiffs passed her she was walking well off the road. One of the plaintiffs testified that, after the accident, the defendant's explanation was that "I was watching a woman so I wouldn't run over her and I didn't realize you were stopped. So there wasn't nothing I could do but prepare for a crash."
Based solely upon the foregoing testimony, the trial judge at the defendant's request and over the objection of plaintiffs gave to the jury an instruction on the theory of "sudden emergency", the charge *621 being that approved by this court in Klepper v. Breslin, Fla. 1955, 83 So.2d 587. As noted, the jury returned a verdict in favor of the defendant. The plaintiffs contend here that the giving of the charge on sudden emergency was reversible error in the absence of any evidence to support such charge, that the verdict is contrary to the manifest weight and probative force of the evidence, and that it was therefore error to deny their motion for new trial containing these grounds. The plaintiffs' contention must be sustained.
It is well settled that a defendant is not entitled to the benefit of a charge on "sudden emergency" when his own negligent action creates or contributes to the creation of the emergency. Seitner v. Clevenger, Fla. 1953, 68 So.2d 396, 397 citing Independent Oil Refining Co. v. Lueders, 1931, 17 La. App. 154, 134 So. 418; Loftin v. Anderson, Fla. 1953, 66 So.2d 470. It is equally well settled that the driver of an automobile  a "dangerous instrumentality"  is charged with the responsibility of having his vehicle under control at all times, commensurate with the circumstances and the locale, and to maintain a sharp and attentive lookout in order to keep himself prepared to meet the exigencies of an emergency within reason and consistent with reasonable care and caution. Nelson v. Ziegler, Fla. 1956, 89 So.2d 780; King v. Griner, Fla. 1952, 60 So.2d 177. It has also been held, and we agree, that where a defendant runs into the rear of plaintiff's car while plaintiff is stopped for a traffic light or at an intersection, there is a presumption of negligence of the defendant on which the plaintiff would be entitled to recover in the absence of an explanation by the defendant. See Shedden v. Yellow Cab Company of Miami, Fla.App. 1958, 105 So.2d 388, 389; McNulty v. Cusack, Fla.App. 1958, 104 So.2d 785.
Here, the only reasonable inference from the evidence is that the defendant's own negligence created or contributed to the creation of the sudden emergency. The rights of a pedestrian and a motorist are reciprocal, Robb v. Pike, 1935, 119 Fla. 833, 161 So. 732; Nelson v. Ziegler, Fla. 1956, 89 So.2d 780, and the defendant had some duty to keep from hitting the girl if she was, in fact, walking on the road, just as she had some duty to stay out of the way of his car. But we do not think his duty to keep a normal lookout for pedestrians justifies the defendant in completely ignoring the traffic situation in which he was at the time involved, as shown by his own testimony, and that his negligence in so doing unquestionably contributed to, if it did not create, the sudden emergency. This being so, the defendant was not entitled to a charge on sudden emergency. The giving of such charge was error and it was, unquestionably, reversible error.
Accordingly, the judgment should be and it is hereby reversed and the cause remanded for a new trial.
Reversed and remanded.
THOMAS, C.J., and DREW, THORNAL and O'CONNELL, JJ., concur.