WIGGINTON, Judge.
Appellants, plaintiffs in the trial court, are a mother and minor son who were riding as guest passengers in a motor vehicle owned and operated by a third person at the time of the occurrence out of which this cause of action arose. The vehicle in which they were riding was struck at a street intersection in Jacksonville by a motor vehicle owned and operated by appellee, who was named defendant in the case. As a result of the collision both plaintiffs claimed injuries which were proximately caused by the alleged negligence of defendant. At the conclusion of plaintiffs’ evidence, the trial judge announced his intention to direct a verdict for defendant in accordance with the latter’s motion therefor, whereupon plaintiffs moved for an order of involuntary nonsuit. From the order so entered this appeal is taken.
The sole question presented for our review is whether the evidence adduced by the plaintiffs at the trial, and all inferences which may be reasonably drawn therefrom, when construed in a light most favorable to plaintiffs, establish a prima facie case of liability entitling plaintiffs to the damages they seek. At the outset it must be noted that since plaintiffs were riding as passengers in a vehicle owned and operated by another person at the time of the collision in question, there is no issue as to whether any contributory negligence of which their driver may have been guilty may be imputed to them as a bar to the relief they seek.
From the evidence reflected by the record on appeal the following facts may have been fairly deduced by the jury. The vehicle in which plaintiffs were riding was proceeding easterly on 41st Street, a two-lane thoroughfare located within the corporate limits of the City of Jacksonville. *673 The time was ten o’clock in the morning, and the weather was dry and clear. Plaintiffs’ driver ■ brought her vehicle to a stop at the intersection of 41st Street and Pearl Street. The latter is a four-lane thoroughfare running in a north and south direction, the two northbound lanes being separated from the two southbound lanes by an island or divider. Both 41st Street and Pearl Street are heavily traveled thoroughfares at the time of day when the collision here in question occurred. Traffic at the intersection of 41st Street and Pearl Street is not controlled by a light or any other traffic control devices or signs.
After plaintiffs’ driver brought her vehicle to a stop, she looked both to her left in a northerly direction up Pearl Street, and to her right to a southerly direction down Pearl Street. The only vehicle observed by her was a small pickup truck traveling north on Pearl Street, which had pulled into the indentation of the island at the intersection of 41st Street preparatory to making a left turn so as to proceed westerly on 41st Street. Plaintiffs’ driver testified that her view to the south was unobstructed for a distance of one block, and there was no other traffic moving from that direction northward on Pearl Street. Concluding that she had ample time to traverse the Pearl Street intersection without any risk of encountering other traffic, the driver of plaintiffs’ car proceeded forward, traveling at a rate of speed between five and ten miles an hour as she attempted to traverse the intersection, which at that point is sixty feet wide. Plaintiffs’ driver succeeded in clearing the first two southbound lanes of Pearl Street, and one of the northbound lanes, reaching a point in the easterly or right northbound lane of Pearl Street at the time her vehicle was struck on the right rear side by the vehicle operated by defendant. Plaintiffs’ driver testified she never saw defendant’s vehicle prior to the collision. As a result of the collision both plaintiffs suffered injuries for which damages are sought.
Defendant, through his deposition which was offered in evidence by plaintiffs, testified that immediately prior to the collision he was operating his vehicle northward on Pearl Street; that although his view northward along Pearl Street to and including its intersection with 41st Street was unobstructed, nevertheless he caught only a glimpse of the vehicle in which plaintiffs were riding prior to the collision; that the collision occurred in the right-hand northbound lane of traffic in which he was traveling. There is no direct evidence in the record as to the speed in miles per hour that defendant was traveling prior to and at the time of the collision. It was on this state of the record that the trial judge announced his intention to direct a verdict in defendant’s favor, which announcement precipitated the involuntary order of non-suit from which this appeal is taken.
From the foregoing evidence the jury could have properly found that the driver of plaintiffs’ car was free from fault in entering the Pearl Street intersection under the existing circumstances. Having observed no traffic approaching from either direction on Pearl Street for a distance of at least one city block, plaintiffs’ driver had a right to assume that she could traverse the intersection without creating a hazard to approaching traffic, and without incurring the danger of being struck by a vehicle moving from either direction. Her preemption of the intersection was lawful even though defendant was approaching from her right and under different circumstances might be held to have had the right of way.[1]
From the evidence adduced at the trial the jury could have found that defendant was operating his motor vehicle at a rate of speed which propelled him a distance of more than one city block during the same period of time that plaintiffs’ vehicle was moving a distance of less than sixty feet at a rate of speed between five and ten miles an hour. Based upon such finding, the jury could have reasonably inferred that *674 defendant was operating his vehicle at an excessive rate of speed under existing traffic conditions, which speed constituted negligence proximately causing the collision out of which plaintiffs’ claims for damages arose.
Secondly, from the foregoing evidence it appears that the collision in question occurred during daylight hours when the weather was clear and dry. From the defendant’s own admission that his forward view was unobstructed as he approached the intersection of 41st and Pearl Streets, yet he did not see the vehicle in which plaintiffs were riding until he was too close to avoid the collision, the jury could have reasonably concluded that defendant failed to keep a proper lookout ahead as he operated his vehicle northward on Pearl Street, which failure constituted negligence proximately causing or contributing to the collision.
Lastly, under the facts above recited, the jury might have reasonably concluded that defendant failed to have his vehicle under proper control, taking into consideration the location of the street intersection within the limits of a municipality, and the traffic conditions existing at the time, which failure constituted negligence.
In a case factually similar in most material respects to the one we now review the Second District Court of Appeal in the case of Mele v. Summers,[2] in reversing an order of involuntary nonsuit entered upon the trial judge’s announcement that he intended to direct a verdict in favor of the defendant, said:
“First of all, it would appear that Summers was not keeping a proper lookout, for he did not see the Meles’ automobile until an instant before the impact.
“Next, it could reasonably be inferred from the evidence that the truck was exceeding the speed limit of 25 miles per hour at the time of the collision, and that Summers may not have had his truck under proper control.
“And finally, although the truck would ordinarily be entitled to the right of way, as the vehicle on the right at the intersection, there may have been such a preemption thereof by the driver of the automobile as to require the driver of the truck in the exercise of ordinary care to yield the right of way.”
In the Central Truck Lines case[3] this Court, in an opinion by Judge Sturgis, cited with approval and relied upon the holding of the Supreme Court rendered in the case of Bellere v. Madsen[4] as follows:
“ ‘ * * * the driver of an automobile — a “dangerous instrumentality”— is charged with the responsibility of having the vehicle under control at all times, commensurate with the circumstances and the locale, and to maintain a sharp and attentive lookout in order to keep himself prepared to meet the exigencies of an emergency within reason and consistent with reasonable care and caution. Nelson v. Ziegler, Fla. 1956, 89 So.2d 780; King v. Griner, Fla.1952, 60 So.2d 177.’”
We are of the view that the evidence contained in the record on appeal is sufficient to establish a prima facie case of negligence on the part of defendant, which negligence could be held to have proximately caused the damages claimed by plaintiffs. The trial court erred in announcing its intention to grant defendant’s motion for directed verdict, thereby forcing plaintiffs to move for and procure an order of involuntary non-suit. The judgment appealed is accordingly *675 reversed and the cause remanded for further proceedings.[5]
Reversed.
STURGIS, C. J., concurs.
RAWLS, J., dissents.

. Toll et al. v. Waters et al., 138 Fla. 349, 189 So. 393.

. Mele v. Summers et al., (Fla.App.1959) 113 So.2d 254, 256.

. Central Truck Lines, Inc. v. Rogers, (Fla.App.1962) 140 So.2d 130, 134.

. Bellere v. Madsen, (Fla.1959) 114 So.2d 619, 80 A.L.R.2d 1.

. Budgen et al. v. Brady, etc., (Fla.App.1958) 103 So.2d 672, 674.