173 So.2d 729 (1965)
Martha Miller NABELSKI, Appellant,
v.
John Henry TURNER, Appellee.
No. F-498.
District Court of Appeal of Florida. First District.
April 1, 1965.
Rehearing Denied April 29, 1965.
*730 Barron & Hilton, Panama City, for appellant.
Earl R. Duncan and Davenport, Johnston, Harris & Urquhart, Panama City, for appellee.
STURGIS, Chief Judge.
This is an appeal from an order granting a new trial to the unsuccessful plaintiff (Turner) in a negligence action tried by jury. A three-year-old child of the plaintiff was killed by an automobile driven by defendant. The complaint charged the defendant with negligence proximately resulting in the death of the child and sought damages for pain and anguish of the parents, for the father's loss of the child's services, and for his expenses incident to the funeral. The defendant's answer denied the material allegations of the complaint and affirmatively alleged (a) the plaintiff was guilty of contributory negligence, and (b) that plaintiff was not entitled to recover because the defendant, upon being faced with a sudden emergency, acted as an ordinary person under the circumstances.
The jury returned its verdict for the defendant and upon motion of plaintiff a new trial was granted by the order appealed, on the following basis:
"* * * the casualty occurred on a street adjacent to an area commonly used by small children as a playground and that the defendant was aware of this; that the defendant did not observe the deceased three-year old child of the plaintiff until he was on the pavement and coming into the path of defendant's car `like a bird', although there was nothing to obstruct defendant's view of the child earlier, and the Court being advised of the recent opinion of the Second District Court of Appeals in Fowler v. Midstate Hauling Co., 162 So.2d 278, handed down March 20, 1964, and the Court being of the opinion that the defendant's conduct at the time of the casualty at least contributed to any sudden emergency arising and prevented her from being entitled to an instruction on the doctrine of `sudden emergency' and that the *731 giving of such an instruction was prejudicial to the plaintiff, * * *."
The order is set aside with directions.
The accident occurred at approximately 5:30 p.m. at the intersection of Oak Avenue and Airport Road in Panama City, Florida. Plaintiff's seventeen-year-old daughter was left in charge of the child on the day of the accident, but had left him in charge of her thirteen-year-old sister.
Airport Road, on which defendant was driving, traveling west, runs generally east and west. Oak Avenue, on which the child was a pedestrian, traveling in a northerly direction, runs north and south. The automobile speed limit along defendant's route was 45 m.p.h. and as she approached the intersection her speed was approximately 35 m.p.h. A farmers' market was located on Oak Avenue several hundred feet north of the point of the accident and there was a parking area between the market and the highway where children sometimes played, but the jury verdict negatives the conclusion of the court that defendant was aware that this area was "commonly used by small children as a playground" or that she was impliedly charged with such knowledge.
As defendant approached the intersection her attention became directed to two boys about 50-60 feet ahead and at her right on the shoulder of Airport Road, whereupon she applied her brakes but released them and continued on her way when satisfied they were aware of her automobile. Immediately after thus releasing her brakes she noticed plaintiff's child running fast across Airport Road from south to north on her left, as if to cross in front of her. Thereupon, in an effort to avoid that child and the boys standing on the shoulder, she again applied her brakes and steered her automobile sharply to the right. By this maneuver she got her car onto the north shoulder of the road prior to contact with plaintiff's child who ran into it at the left front and sustained fatal injuries.
In addition to the defendant, two eyewitnesses testified to the accident. One Jimmy Earnest testified that he saw the child as he turned onto Airport Road behind defendant's automobile approximately 200 feet from the point of impact; that the child did not look in either direction prior to running on to the highway; that the child ran into defendant's automobile; that defendant tried to avoid striking the child; and that he did not hear brakes applied or see boys on the right side of the road as testified to by the defendant. The other witness, Gloria Amann, who was traveling east on Airport Road, testified that through the limbs of some pine trees on her right she saw the child running fast into Airport Road and that he did not appear to look before entering thereon; that she did not see the boys whose presence was testified to by the defendant.
The court charged the jury as follows on the doctrine of last clear chance:
"Gentlemen, in this case, I believe I should charge you on what is called the `last clear chance' doctrine, which in brief is that one who has the last clear chance to avoid an accident, notwithstanding the conduct of another, and fails to do so is the party at fault. When one carelessly places himself in a position of peril and can not reasonably escape from it, or apparently will not avail himself of the opportunity for doing so, and such perilous condition becomes known or should have become known to another, or he could have avoided the accident by reasonable care and he had the opportunity to avoid the injury, it then becomes the duty of the other party to use reasonable care and caution to avoid injury to the one found in the perilous condition. However, gentlemen, in this regard, I should caution you that any party seeking the benefit of this doctrine must first show that the careless act of the person in peril was not a concurring joint careless act with that of *732 the other party which together resulted in the injury complained of."
The court then charged the jury as follows:
"Also it is recognized where one is suddenly confronted with a dangerous or perilous situation, not caused or contributed to by him, [he] is not required to exercise a greater degree of care or caution than the exigencies of the situation require. One required to act quickly is not supposed to act with the judgment of one who has time to deliberate. Of course, where an emergency is so sudden and there is not time to avert an accident the `last clear chance' doctrine is not applicable and the accident would be unavoidable."
We do not find that the facts in Fowler v. Midstate Hauling Co., 162 So.2d 278 (Fla.App.2d 1964), upon which the trial court relied as authority for granting a new trial, are sufficiently in point to constitute precedent for this case. In Fowler the vehicle was a tractor-trailer combination with an over-all length of about 50 feet, a width of about 8 feet, and a gross weight of over 72,000 pounds. The driver had unobstructed vision and was traveling in excess of 50 m.p.h. going down hill when he saw some distance ahead a boy on a bicycle swerving back and forth across the center line of the road. At the bottom of the hill his speed was 50 m.p.h. He then saw, when at a distance of 300 to 500 feet from the boy on the bicycle, a cluster of children on each side of the road and he blew his horn, causing them to gather back from the road. He was traveling over 40 m.p.h. at a point 200 feet from plaintiff's child who was struck and killed after he ran into the road from the driver's right. The driver testified that his speed was not over 35 m.p.h. when 80 feet from the child and 25 m.p.h. at the point of impact; that the first time he saw the child and applied brakes was when the child started running from the cluster of children on the right of the road; and that he swerved to his right in an attempt to avoid the child who after partially crossing the road reversed his direction and ran into the lefthand front bumper of the truck. He testified from experience that such a loaded vehicle going at 45 m.p.h might take 200 or more feet to stop completely and that he had depended on sounding his horn to get the children out of the road. It is also significant that in Fowler there was evidence that the child ran across the road, from the truck driver's right to left, after he first saw the truck descending from the top of the hill, then paused and ran back across the road from left to right in front of the driver, and that he then ran back to the opposite lane from the driver, stopped, looked at the truck and then attempted to run back from left to right in front of the truck, and the accident occurred. In reversing judgment for the defendant and remanding the cause for a new trial, the District Court of Appeal held, on the authority of Bellere v. Madsen, 114 So.2d 619, 80 A.L.R.2d 1 (Fla. 1959) that the defendant was not entitled to the benefit of the charge of "sudden emergency" as given by the trial court because his own negligent action created or contributed to the creation of the emergency, saying:
"In view of the weight and speed of the truck, its width and the width of the road, the height of the driver's eyelevel from the ground, and the unpredictable nature of small children, if a perilous situation existed it was created by the driver. The driver had ample opportunity to see and appreciate the dangerous situation long before the accident occurred."
Because of the variance in the factual situation between this case and the cited case, as well as in Bellere v. Madsen, supra, out conclusion is not deemed to be in conflict.
In Dupree v. Pitts, 159 So.2d 904 (Fla. App. 1964), a four-year-old boy was injured when he ran diagonally across the street from behind a parked automobile and was *733 struck by one driven by the defendant. The trial court granted a new trial on the ground that it erred in charging the jury on the doctrine of sudden emergency. In that case, as distinguished from the case on review, there was conflicting evidence as to defendant's speed and the distance of defendant's car from the infant plaintiff when plaintiff entered the street. The appellate court reversed, holding that the evidence showed the existence of the requisites for the sudden emergency doctrine and that under such circumstances it is ordinarily a question for the jury to determine whether it should be applied.
In Klepper v. Breslin, 83 So.2d 587 (Fla. 1955), cited by appellant, the defendant saw the child some 400-500 feet from the point where he ran across the street into defendant's car, and yet the sudden emergency doctrine was held to be available. Comparing such fact with the case on review, where the child precipitously ran out into the road from left to right and was not seen until immediately before the accident, we hold that the facts here fully justified the charge complained of.
The death of a child from an automobile accident is a terrible tragedy under any circumstances. We do not in the slightest relax the rule requiring drivers of motor vehicles to exert a high degree of care in areas where children are commonly known to congregate. It must be remembered, however, that motor vehicles have become such an essential instrument of modern travel and commerce that the operators must be afforded a reasonable opportunity to use the same for the purpose designed in a normally efficient manner; and the question of liability for allegedly negligent operation depends on all the facts and circumstances peculiar to the particular case. This, in turn, is a question of fact for the jury to determine under appropriate charges of the court as to the applicable law.
Our review of the evidence in this case produces the conclusion that the trial court did not err in instructing the jury, to the limited extent that it did with respect to the degree of care required of one who is "suddenly confronted with a dangerous or perilous situation, not caused or contributed to by him," and that it was not error to charge that one thus confronted "is not required to exercise a greater degree of care or caution than the exigencies of the situation require"; and it was not error to charge that "one required to act quickly is not supposed to act with the judgment of one who has time to deliberate." Indeed, each of these precepts is appropriate to a statement of the law pertaining to simple negligence, unconnected with the so-called doctrine of sudden emergency, and so it cannot be said that the subject charge was fundamentally incorrect or that it prejudiced the plaintiff. Under the facts of this case, the rule of Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), does not apply.
The order granting a new trial is vacated and this cause is remanded with directions to enter judgment for the defendant-appellant pursuant to the verdict of the jury.
MURPHREE, JOHN A.H., Associate Judge, concurs.
WIGGINTON, J., specially concurs.
WIGGINTON, Judge (specially concurring).
I concur in the well considered opinion authored by Judge Sturgis. In addition to the reasons and theories expressed therein, my decision is influenced by the following factors.
A review of the record reveals substantial evidence from which the jury could have reasonably concluded that defendant was guilty of negligent acts which contributed *734 to the emergency with which she was suddenly confronted when the child darted into the path of her automobile. The trial judge not only correctly charged the jury on the law of negligence and proximate cause based upon that evidence in accordance with the plaintiff's theory of the case, but also gave a proper and complete instruction on the doctrine of last clear chance which likewise is supported by competent evidence and conforms with plaintiff's theory of liability.
The record also contains substantial evidence which, if believed by the jury, would have justified it in concluding that defendant's failure to see the child in time to avoid striking it with her automobile was not due to any negligence on her part, and that she was not guilty of any negligent acts which contributed to the sudden emergency with which she found herself confronted immediately prior to striking the child. Because of this evidence the defendant was entitled to the instruction on the law of sudden emergency which the court gave. Whether defendant was entitled to the protection from liability afforded by the doctrine of sudden emergency was for the jury to decide upon the evidence and charge of the court. It was upon similar factual situations arising from conflicting evidence that instructions relating to the law of negligence, proximate cause, last clear chance, and sudden emergency were approved in the Klepper[1] and Dupree[2] cases.
In the Fowler case[3] on which the trial judge relied to support his order granting a new trial there was no dispute in the evidence which established that defendant was guilty of negligent acts which caused or substantially contributed to the emergency out of which the death of plaintiff's decedent arose. Since the evidence on this issue was not in conflict, it was correctly held as a matter of law that the defendant was not entitled to the benefits of the instruction on sudden emergency.
It is because of the foregoing consideration that I conclude the trial judge in the case sub judice erred in setting aside the jury's verdict and awarding a new trial.
NOTES
[1] Klepper v. Breslin, (Fla. 1955) 83 So.2d 587.
[2] Dupree v. Pitts, (Fla.App. 1964) 159 So.2d 904.
[3] Fowler v. Midstate Hauling Co., (Fla. App. 1964) 162 So.2d 278.