WALDEN, Judge
(dissenting).
I would grant appellants’ (plaintiffs’) petition for rehearing.
*599 Consideration of it leads to a conviction that our initial conclusion was incorrect. Instead of an affirmance, the order appealed should have been reversed, the verdict reinstated, and the cause remanded with instructions to consider and rule upon the merits of defendant’s (appellee’s) pending motion for new trial. See McCloskey v. Louisville & Nashville Railroad Co., Fla. App.1960, 122 So.2d 481.
As reflected in our opinion, a motor vehicle operated by defendant collided at an intersection with a bicycle operated by the minor plaintiff. A standard negligence suit ensued with the jury returning a verdict against the defendant and in favor of the plaintiffs. The trial court, in post-trial proceedings, set aside the verdict and entered judgment for the defendant, and it is the order thereon which is the subject of this appeal.
The rules governing judgments non ob-stante veredicto are identical to those governing motions for directed verdict. Smith v. Peninsular Insurance Co., Fla.App.1965, 181 So.2d 212. See also Flex v. Blair, Fla.App.1965, 173 So.2d 518; Deese v. White Belt Dairy Farms, Inc., Fla.App.1964, 160 So.2d 543. And that rule is that the movant admits all facts established by the evidence, plus every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence. Cash v. Gates, Fla.App.1963, 151 So.2d 838. The court’s proper approach in matters of this kind is defined in Alessi v. Farkas, Fla.App.1960, 118 So.2d 658, as follows:
“Courts should be reluctant to set aside jury verdicts or to grant a directed verdict after the jury’s verdict has been entered when the evidence adduced is reasonably susceptible of supporting the issue or issues presented. * * * A party moving for a directed verdict .admits not only the facts established by the evidence presented but also admits every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence. Negligence cases frequently contain evidence from which reasonable men often derive conflicting conclusions. Thus in a case of this nature, unless the evidence as a whole, with all reasonable deductions to be drawn therefrom, points to only one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury or setting aside a jury’s determination on conflicting evidence and substituting instead his own evaluation of the evidence.”
Thus, the trial court in making the ruling assailed necessarily found, as a matter of law with reference to the single point on appeal, that there was no evidence or allowable inference sufficient to support a jury finding that the defendant was guilty of negligence which proximately caused the collision. This finding was erroneous and merits reversal because the record, in my judgment, discloses sufficient, even abundant, evidence in support of the jury’s verdict.
Reviewing our opinion, it seems that we lost sight of our main task and placed undue and controlling emphasis on the competency of one witness as to his estimate of defendant’s speed. Discounting totally Mr. Puryear’s testimony as to defendant’s speed, we are left with other and more compelling circumstances.
The facts are set forth in detail in our opinion, and I shall here shortly refer to some of them again merely for the purpose of highlighting this expression.
It was uncontradicted that the minor plaintiff was always on his side of the road and in his proper lane of traffic and never over in the defendant’s lane of travel. It is also uncontradicted that the defendant was driving his vehicle on the wrong side of the road, that is to say, two to three feet to the left of the center of the two-way street on which he was traveling. Is this significant? Indeed. The effect of this placement is that a presumption of negligence arises against the defendant which would justify, even standing alone, a submission of the case to the jury. Support *600 for this proposition is found in Florida Motor Lines, Inc. v. Ward, 1931, 102 Fla. 1105, 137 So. 163:
“All travelers on the public streets and highways have the right to assume that other travelers will observe the law of the road, obey all regulations relative to the use of the highways and in general, exercise reasonable care to avoid injury to their fellow travelers. When collisions occur between vehicles, a presumption of negligence arises against the driver who was on the wrong side of the road at the time of the collision. Huddy on Automobiles (5th Edition) 432, (9th Ed.) vols. 3-4 § 365.” (Emphasis added.)
Next, it was drizzling rain on this day, and the defendant had passed another vehicle about 40 to 50 feet before reaching the intersection and not returned to his proper lane. The defendant testified that he may have been going as much as 25 miles per hour, and there is a basis for finding that he was traveling at least at this speed. The defendant could not remember whether or not he had his windshield wipers on, and he testified that he did not see, until impact, the minor plaintiff and that he never did see the boys who preceded the minor plaintiff. After collision, the defendant applied his brakes and skidded from 60 to 70 feet.
From the facts of the case the jury could very properly have inferred and found that defendant was guilty of actionable negligence in not keeping a proper lookout and not maintaining his vehicle under control commensurate with the circumstances. The jury was entitled to reason that defendant, by the exercise of alertness as a reasonable man would have done under the circumstances, would have seen the minor plaintiff and thereupon returned his vehicle to its proper side of the roadway and thereby avoided the collision. See Bellere v. Madsen, Fla.1959, 114 So.2d 619, 80 A.L.R. 2d 1, which states:
“[T]he driver of an automobile — 'a dangerous instrumentality’ — is charged with the responsibility of having his vehicle-under control at all times, commensurate-with the circumstances and the locale, and', to maintain a sharp and attentive lookout: in order to keep himself prepared to meet: the exigencies of an emergency within, reason and consistent with reasonable-care and caution. Nelson v. Ziegler, Fla. 1956, 89 So.2d 780; King v. Griner, Fla.1952, 60 So.2d 177.”
Further, the jury could have been justified in finding from the circumstantial evidence that, even though defendant did not exceed the posted speed limit of 25 miles: per hour, he did violate F.S.A. § 186.78-which was applicable at the scene and which provides:
“The fact that the speed of a vehicle is lower than the prescribed limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazards exist or may exist with respect to pedestrians, or other traffic or by reason of weather or other roadway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the street in compliance with legal requirements and the duty of all persons to use due care.”
There is a particular conflict in the evidence which our opinion overlooked and which is subject to correction. We stated,. “Jeffrey entered Eleventh Street without stopping and traveling a little fast, made a. wider than normal turn, at which point he-collided with the left side of the Wible automobile”. The eyewitness, Puryear, testified that the minor plaintiff had completed his turn before the accident occurredl and that the impact was at the left headlight on the defendant’s automobile. We,. *601 of course, are bound to accept this version of the happening under the rules early mentioned.
It is my feeling that the court weighed the conflicting evidence and then substituted its judgment thereon for that of the jury-
I would grant the petition.