SCHEB, Judge.
Appellants filed a third-party complaint against appellees seeking contribution on the ground that appellees were comparatively negligent in an automobile accident. Appellants challenge the trial court’s award of summary final judgment to appellees, contending there was a genuine issue of material fact. We agree and reverse.
While driving a pickup truck north on a highway in Clearwater, Florida, appellant Wilton Lee made a left turn, colliding with a southbound station wagon driven by Rebecca Kirkham. Appellee Marilyn Dunni-gan was driving her Mercury automobile south just behind Kirkham’s station wagon and struck the station wagon following its collision with the pickup truck. When Kirkham brought action against Lee and the owner of the truck he was driving, they, in turn, asserted a third-party claim against Dunnigan seeking contribution on the ground that they and Dunnigan were joint tortfeasors. Subsequently, the court granted Dunnigan’s motion for summary judgment on the third-party claim.
A driver who is not able to stop his vehicle before it runs into another vehicle in his lane of traffic is presumed to be negligent. Sawyer v. Dawson, 215 So.2d 764 (Fla.3d DCA 1968), cert. dismissed, 225 So.2d 532 (Fla.1969). Here Dunnigan defended on the ground that she was faced with a sudden emergency and could not stop her Mercury in time to avoid hitting Kirkham’s station wagon. To avoid liability she must show that an unexpected or extraordinary event was the sole cause of the accident. Bellere v. Madsen, 114 So.2d 619 (Fla.1959). Here, there were several affidavits and depositions before the court when it heard the motion for summary judgment. Both Dunnigan and a disinterested witness to the accident stated that the road was wet and slippery at the time of the accident. Another witness said that the collision of Dunnigan’s station wagon and Kirkham’s Mercury occurred some 20 to 30 seconds after Lee’s pickup truck struck the Mercury. A finder of fact could infer from these statements that Dunnigan should have maintained a greater distance between her Mercury and the station wagon or should have been driving at a slower speed because of the road conditions. From this the fact-finder could conclude that Dunnigan was negligent in not having her car under control when she collided with the Kirkham vehicle. See 114 So.2d at 621.
Lee seeks contribution under Section 768.31(2)(a), Florida Statutes (1979), contending that he and Dunnigan were joint tortfeasors. If the collisions of Lee’s and Dunnigan’s vehicles with Kirkham’s station wagon were separated by a substantial period of time, however, they were not joint tortfeasors liable for contribution. See Caygill v. Ipsen, 27 Wis.2d 578, 135 N.W.2d 284 (1965). Because one witness testified that the collisions occurred 20 to 30 seconds *167 apart, there existed a factual issue as to whether Lee and Dunnigan were joint tort-feasors. Thus, genuine issues of material fact existed which precluded summary judgment.[1] Visingardi v. Tirone, 193 So.2d 601 (Fla.1966).
Accordingly, we vacate the summary judgment and remand the case for further proceedings consistent with this opinion.
Reversed.
DANAHY and CAMPBELL, JJ., concur.

. The introduction of the doctrine of comparative negligence in 1973 and the onerous burden of a movant for summary judgment in a negligence action require a trial judge to exercise caution in considering a motion for summary judgment in such an action. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); U. S. Fire Insurance Co. v. Progressive Casualty Insurance Co., 362 So.2d 414 (Fla.2d DCA 1978).