KLEIN, J.
Appellant David Cano, age fourteen, was injured while walking his bike across two lanes of stopped traffic, when he was struck by the defendant driving in a third lane. The defendant, citing child-darting cases, persuaded the trial court to grant his motion for summary judgment. Because there was evidence from which a jury could find the defendant was far *163 enough away from the plaintiff to have avoided the accident, we reverse.
The accident occurred on six-lane Commercial Boulevard in Fort Lauderdale at a point which was not at, but near, an intersection. Plaintiff had walked his bike across two lanes of stopped traffic,' and was struck as he went into the third lane. The defendant testified that it was rush-hour and that he was watching the road ahead, when his girlfriend screamed and he slammed on the brakes. There was a large truck to the defendant’s right and the median to his left, and plaintiff came out from in front of the truck when the accident occurred. Plaintiff was struck by the front of the defendant’s car.
Plaintiff testified that he and a friend were riding their bikes home from school and were crossing the street about one block from an intersection with a light. Plaintiff, who was sitting on his bike, but moving it with his feet on the ground, was signaled by the drivers in the first two lanes to proceed. As he crossed in front of the truck he could see that traffic was not stopped in the third lane, but saw defendant’s car coming from his left about one half of a football field away. He thought he could make it across.
Defendant’s motion for summary judgment was based on child-darting cases in which summary judgments or directed verdicts were affirmed for defendants; however, many of those cases were decided before Florida adopted comparative negligence in Hoffman v. Jones, 280 So.2d 431 (Fla.1973), which held that contributory negligence would no longer be a complete bar to recovery.
Plaintiff cites Stroud v. Strawn, 675 So.2d 646 (Fla. 2d DCA 1996), in which a pedestrian was struck when crossing several lanes of traffic, after being motioned to do so by some drivers. The second district reversed a summary judgment in favor of the driver, quoting from Nelson v. Ziegler, 89 So.2d 780 (Fla.1956). In Nelson our supreme court reversed a directed verdict based on contributory negligence being a complete bar, where an inebriated pedestrian had been struck by a car, explaining that the plaintiffs:
perilous position in the street would or should have been known to appellee in time for her to have avoided the injury if she had been keeping a proper lookout and therefore the sole proximate cause of the injury despite appellant’s conduct could have been appellee’s failure to maintain such lookout or her failure to avoid the injury if by the exercise of reasonable care and caution commensurate with all of the circumstances she could have avoided it.
Nelson, 89 So.2d at 783.
In this case defendant’s testimony that he had no time in which to stop is in conflict with the testimony of the plaintiff, who observed that the defendant was one half of a football field, or fifty yards, away, causing him to think he had time to cross. We accordingly reverse the summary judgment.
GUNTHER and MAY, JJ„ concur.